1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

GINA M. CANTY and SEAN T. CANTY,            )

9                                            )
            Plaintiff,                       )

10                                           )            3:11-cv-130-RCJ-WGC
            v.                               )

11                                           )            **ORDER**
INTEGRITY 1ST FINANCIAL, LLC, et al.,        )

12                                           )
            Defendants.                      )

13                                           )
_____

14

15          Currently before the Court are Plaintiffs' Motion to Remand (#7), Defendants' Motions

16  to Dismiss (# 10, 12, 19, 25, 29), and Plaintiffs' Motion to File a Late Opposition (#16).  The

Court heard oral argument on September 27, 2011.

17

**BACKGROUND**

18

**I.      Facts**[1]

19

20          Plaintiffs Gina and Sean Canty ("Plaintiffs") executed a note secured by a deed of trust

21  on a piece of property located at 10505 Eagle Falls Way, Reno, Nevada, 89521, which was

recorded in Washoe County on December 22, 2004.  (Original Deed of Trust (#13-1) at 2, 4).

22

23          The mortgage, dated December 20, 2004, was for $285,600.  (*Id.* at 3).  The lender and

24  beneficiary on the deed of trust was National City Mortgage Co.  (*Id.* at 2-3).  The trustee on

25  _____

26          [1] PNC Bank, National Association is the successor by merger to National City Bank and
PNC Bank, National Association, which does business as PNC Mortgage ("PNC").  PNC and

27  LSI Title Agency, Inc. each filed a request for judicial notice and attached copies of relevant
publicly recorded documents.  (*See* Request for Judicial Notice (#13, 30)).  This Court takes

28  judicial notice of these public records.  *See Disabled Rights Action Comm. v. Las Vegas
Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the
records of state agencies and other undisputed matters of public record under Fed. R. Evid.
201).

1    the deed of trust was Ticor Title of Nevada, Inc.  (*Id.* at 3).

2         On April 11, 2005, Plaintiffs refinanced their purchase with a loan for $290,500 secured

3    by a deed of trust on the property at issue.  (Refinanced Deed of Trust (#13-2) at 2-4).  The

4    lender and beneficiary on the refinanced deed of trust was Integrity 1st Financial, LLC.  (*Id.*

5    at 2-3).  The trustee on the refinanced deed of trust was Stewart Title Company.  (*Id.* at 3).

6         Plaintiffs took three loans out on their property.  On April 22, 2005, Plaintiffs executed

7    a note secured by a deed of trust on the property at issue for $45,000.  (*See* April 2005 Deed

8    of Trust (#13-3) at 2-3).  The lender and beneficiary on the April deed of trust was Integrity 1st

9    Financial, LLC.  (*Id.* at 2).  The trustee was Stewart Title Company.  (*Id.*).  In July 2005,

10   Plaintiffs executed a note secured by a deed of trust on the property at issue for $56,100.

11   (*See* July 2005 Deed of Trust (#13-4) at 2-3).  The lender on the July deed of trust was

12   National City Bank and the trustee was North American Title.  (*Id.* at 2).  In April 2007,

13   Plaintiffs executed a note secured by a deed of trust on the property at issue for  $70,850.

14   (*See* April 2007 Deed of Trust (#13-5) at 3-4).  The lender and trustee on the deed of trust was

15   National City Bank.  (*Id.* at 3).

16        On June 26, 2006, Integrity 1st Financial executed an assignment of the refinanced

17   deed of trust to National City Mortgage Company, a subsidiary of National City Bank.

18   (Assignment of Refinanced Deed of Trust (#13-6) at 2).  In November 2009, National City

19   Mortgage transitioned to PNC Mortgage.   (*See* PNC Mortg. Customer Update at

20   http://www.pncmortgage.com/pnc_transition/customer_update_pnc_rebrand.aspx) (last visited

21   Sept. 2, 2011).  PNC Mortgage, a division of PNC Bank, National Association became the

22   successor to National City Mortgage, a division of National City Bank, after a merger.  (*See*

23   PNC Mot. to Dismiss (#12) at 1).

24        On April 7, 2010, PNC Mortgage executed a Substitution of Trustee and replaced MTC

25   Financial Inc. dba Trustee Corps ("Trustee Corps") as the trustee for Stewart Title Company

26   on the refinanced deed of trust.[2]  (Substitution of Trustee (#30-4) at 2).

27   _____

28        [2]  The Substitution of Trustee was recorded on May 6, 2010, after the substituted
     trustee had filed a notice of default.  (*See* Substitution of Trustee (#30-4) at 2).

1    On that same day, April 7, 2010, Trustee Corps recorded a notice of default and
2  election to sell with the Washoe County Recorder's office for the refinanced deed of trust.[3]
3  (Notice of Default (#30-3) at 2).  Stanley Silva, an employee of LSI Title Agency, signed the
4  notice of default as an agent for Trustee Corps.  (*Id.* at 3).

5    On April 26, 2010, PNC Mortgage executed an assignment of the refinanced deed of
6  trust and granted the Federal Home Loan Mortgage Corporation all beneficial interest on the
7  refinanced deed of trust.  (Assignment of Deed of Trust (#30-7) at 2).  Trustee Corps recorded
8  this assignment on March 1, 2011.  (*Id.*).

9    On January 5, 2011, Trustee Corps filed a certificate from the State of Nevada
10  Foreclosure Mediation Program with the Washoe County Recorder's office indicating that no
11  request for mediation had been made or the grantor had waived mediation.  (Mediation
12  Certificate (#30-5) at 2).  The certificate stated that the beneficiary could proceed with the
13  foreclosure process. (*Id.*).

14    On that same day, January 5, 2011, Trustee Corps recorded a notice of trustee's sale
15  with the Washoe County Recorder's office. (Notice of Trustee's Sale (#30-6) at 2).  On March
16  1, 2011, LSI Title on behalf of Trustee Corps, recorded a trustee's deed upon sale which
17  explained that Trustee Corps had sold the property to Federal Home Loan Mortgage
18  Corporation for $125,130.60 at a public auction on February 22, 2011.  (Trustee's Deed Upon
19  Sale (#30-8) at 2-3).

20  **II.    Complaint**

21    In February 2011, PNC filed a petition for removal and attached Plaintiffs' 59-page
22  complaint from the Second Judicial District Court in Washoe County.  (Pet. for Removal (#1);
23  Compl. (#1-2)).  In the complaint, Plaintiffs sued Integrity 1st Financial, LLC; Stewart Title
24  Company; National City Bank; MTC Financial Inc. dba Trustee Corps; PNC Mortgage; LSI Title
25  Agency, and Stanley Silva (collectively "Defendants").  (Compl. (#1-2) at 2).  Plaintiffs make
26  general allegations that the Defendants did not have a right to declare a default because

27  _____

28    [3]  Trustee Corps also executed the notice of default on April 7, 2010, before a public notary.  (*See* Notice of Default (#30-3) at 3).

3

Defendants did not fund the loan with any of their own assets; Defendants misled Plaintiffs into believing that they were qualified for a residential loan based on the standards of the industry; Defendants conspired to engage in predatory lending to initiate and complete a foreclosure without the lawful right to do so; and that bailout money paid off Plaintiffs' loan.  (*Id.* at 10, 12-14).

Plaintiffs alleged nine causes of action.  (*Id.* at 29-55).  In the first cause of action, Plaintiffs alleged debt collection violations under Nevada's Fair Debt Collection Act, NRS Chapter 649, against Trustee Corps, PNC, LSI Title Agency, and Stanley Silva.  (*Id.* at 29). Plaintiffs argued that because the note had been severed from the deed of trust, Defendants were not engaging in a non-judicial foreclosure but instead were attempting to collect an unsecured debt as debt collectors.  (*Id.* at 29-30).  Plaintiffs alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), which are incorporated into Nevada law.  (*Id.* at 30).

In the second cause of action, Plaintiffs alleged violations of Nevada's Unfair and Deceptive Trade Practices Act, NRS § 598.0923, against Trustee Corps, PNC, LSI Title Agency, and Stanley Silva because they sent Plaintiffs the notice of default and did not have business licenses.  (*Id.* at 32).  In the third cause of action, Plaintiffs alleged that Integrity 1st Financial, Stewart Title Company, Trustee Corps, PNC, LSI Title Agency, and Stanley Silva engaged in unfair lending practices, NRS § 598D.100, because they had lured Plaintiffs into the loan.  (*Id.* at 33).  In the fourth cause of action, Plaintiffs alleged a violation of the covenant of good faith and fair dealing against Integrity 1st Financial, Trustee Corps, and PNC because they had initiated foreclosure proceedings.  (*Id.* at 35).

In the fifth cause of action, Plaintiffs alleged violations of NRS § 107.080.  (*Id.* at 37). Plaintiffs asserted that PNC did not have an interest in the deed of trust.  (*Id.* at 39-40). Plaintiffs alleged that Stanley Silva initiated the foreclosure by signing the notice of default without reading the statements in the notice of default.  (*Id.* at 41).

In the sixth cause of action, Plaintiffs sought to quiet title.  (*Id.* at 42).  In the seventh cause of action, Plaintiffs alleged fraud in the inducement and through omission against Integrity 1st Financial and Stewart Title because they declared that Plaintiffs were qualified for

1   the loan but had failed to tell Plaintiffs that they had qualified based upon future equity in the

2   home.  (*Id.* at 47-48).  In the eighth claim for relief, Plaintiffs alleged slander of title against

3   Trustee Corps, PNC, LSI Title Agency, and Stanley Silva because they had filed and executed

4   the notice of default.  (*Id.* at 53).  In the ninth cause of action, Plaintiffs alleged abuse of

5   process against Trustee Corps, PNC, LSI Title Agency, and Stanley Silva because they had

6   initiated the foreclosure process.  (*Id.* at 55-56).

7                                          **LEGAL STANDARD**

8        When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

9   court must accept as true all factual allegations in the complaint as well as all reasonable

10  inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150

11  n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the

12  nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the

13  court should only look to the contents of the complaint during its review of a Rule 12(b)(6)

14  motion to dismiss.  However, the court may consider documents attached to the complaint or

15  referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First*

16  *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

17       The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

18  claim is to test the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th

19  Cir. 2001).  The issue is not whether a plaintiff will ultimately prevail but whether the claimant

20  is entitled to offer evidence to support the claims.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

21  249 (9th Cir. 1997) (quotations omitted).  To avoid a Rule 12(b)(6) dismissal, a complaint does

22  not need detailed factual allegations;  rather, it must plead "enough facts to state a claim to

23  relief that is plausible on its face."  *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

24  (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

25  1964, 167 L.Ed.2d 929 (2007));  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173

26  L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual

27  content that allows the court to draw the reasonable inference that the defendant is liable for

28  the misconduct alleged").  Even though a complaint does not need "detailed factual

                                                    5

allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*,  371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

## I.     Motion to Remand (#7)

In PNC's petition for removal, it argued that this Court had federal-question jurisdiction because Plaintiffs based their allegations in the complaint on federal law including the Troubled Asset Relief Program ("TARP"), Emergency Economic Stablization Act, Homeowners Equity Protection Act, the Housing and Economic Recovery Act, and Federal Securities Act. (Pet. for Removal (#1) at 2).  PNC also asserted that this Court had diversity jurisdiction because Plaintiffs were residents of Nevada and all named corporations were not residents of Nevada.  (*Id.* at 2-3).  With respect to Stanley Silva, a Nevada resident, PNC argued that he had been fraudulently joined.  (*Id.* at 3).  PNC argued that this Court had supplemental jurisdiction over any state law claim.  (*Id.*).

Plaintiffs file a motion to remand and state that they abandon any federal claims or questions and had only made casual references to federal law.  (Mot. to Remand (#7) at 4-5).

6

1   Plaintiffs assert that Stanley Silva is an indispensable party.  (*Id.* at 5).

2       In response, PNC, joined by Trustee Corps (#14), argue that the TARP allegations and

3   Fair Debt Collection Practices claim raise substantial questions of federal law.  (Resp. to Mot.

4   to Remand (#11) at 4-5).  PNC also argues that Plaintiffs fraudulently joined Stanley Silva

5   because his involvement only involved signing documents.  (*Id.* at 7).

6       Plaintiffs filed a non-responsive reply.  (Reply to Mot. to Remand (#15)).

7       The Court should deny the motion to remand. In this case, there is federal-question

8   jurisdiction based on the first cause of action which alleges that Defendants violated Nevada's

9   Debt Collection Practices Act, NRS § 649.370.  *See Valenzuela v. Lime Fin. Serv., Ltd.*,  No.

10  3:10-cv-00502-RCJ(VPC), 2011 WL 221722, *2 (D. Nev. 2011) (finding federal-question

11  jurisdiction when Plaintiffs have pled a cause of action for a violation of NRS § 649.370, which

12  incorporates the standards of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§

13  1682 *et seq.*).

14  **II.    Motions to Dismiss (#10, 12, 19, 25, 29)**

15      Trustee Corps (#10), PNC (#12), Stanley Silva (#19), and LSI Title Agency (#25, 29)[4]

16  have all filed motions to dismiss the complaint in its entirety.  Plaintiffs filed responses (#16,

17  23, 36)[5] and  Defendants filed replies (#21, 22, 35, 37).

18      In this case, the foreclosure was valid.  Integrity 1st Financial was the original lender

19  and beneficiary on the refinanced deed of trust, the deed of trust at issue in this case.  (*See*

20  Refinanced Deed of Trust (#13-2) at 2-3).  In 2006, Integrity 1st Financial executed an

21

22      [4] LSI Title Agency originally filed a motion to dismiss complaint and motion to expunge
    lis pendens (#25) in one document.  The clerk of the court advised LSI Title that it had to refile
23  its motion as two separate motions. (*See* Docket Entry #28).  In response, LSI Title only filed
    a motion to dismiss the complaint (#29) but did not file a separate motion to expunge lis
24  pendens as directed.  The parties only filed a response and reply to the motion to dismiss
    docketed as #29.  Because LSI Title did not file a separate motion to expunge lis pendens as
25  directed by the clerk of the court, it appears that LSI Title did not intend to file that motion.
    Because the joint motion to dismiss and expunge lis pendens (#25) appears to be invalidated
26  by the clerk of the court's instructions, the Court dismisses the joint motion (#25) as moot and
    will only address the motion to dismiss which is docketed as #29.

27      [5] Plaintiffs' opposition to the motion to dismiss (#16) includes a request that the Court
28  accept the opposition late based on a clerical error in calendaring the response. (*See* Request
    to File Late Opp'n (#16) at 1).  The Court grants this request (#16).

1  assignment on the refinanced deed of trust and assigned all interest in that deed of trust to

2  National City Mortgage Company.  (*See* Assignment of Refinanced Deed of Trust (#13-6) at

3  2).  In 2009, National City Mortgage became PNC Mortgage after a merger between National

4  City Bank and PNC Bank, National Association.  On April 7, 2010, PNC Mortgage executed

5  a substitution of trustee on the refinanced deed of trust and replaced Trustee Corps as the

6  trustee for Stewart Title Company.  (*See* Substitution of Trustee (#30-4) at 2).  That same day,

7  Trustee Corps, as a valid substituted trustee, initiated foreclosure proceedings by filing a

8  notice of default on the refinanced deed of trust.  (*See* Notice of Default (#30-3) at 2); *see*

9  *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 2 (D. Nev. 2009) (finding that, as long

10  as the note is in default and the foreclosing trustee is either the original trustee or has been

11  substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada

12  foreclosure).  Because the foreclosure is valid Plaintiffs fail to state a claim for breach of the

13  covenant of good faith and fair dealing (claim 4), violation of NRS § 107.080 (claim 5), quiet

14  title (claim 6), slander of title (claim 8), and abuse of process (claim 9).  Accordingly, the Court

15  dismisses claims 4, 5, 6, 8, and 9 against all Defendants without leave to amend.

16      Plaintiffs also fail to state a claim for violations of the Fair Debt Collection Practices Act,

17  NRS § 649.379, because foreclosure pursuant to a deed of trust does not constitute debt

18  collection under the FDCPA.  *See Camacho-Villa v. Great Western Home Loans*, 2011 WL

19  1103681, *4 (D. Nev. 2011).  Additionally, "the FDCPA's definition of 'debt collector' does not

20  'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt,

21  so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity*

22  *Mortg. Assurance Corp.*, 2009 WL 3172119, *2 (D. Nev. 2009)).  Therefore, the Court

23  dismisses the first cause of action without leave to amend.

24      Plaintiffs fail to state a claim for violations of the Nevada Unfair and Deceptive Trade

25  Practices Act, NRS § 598.0923.  Under that statute, a person engages in deceptive trade

26  practices when, in the course of his or her business or occupation he or she knowingly

27  conducts the business or occupation, without all required state, county, or city licenses. Nev.

28  Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do

1   not constitute doing business in this State: (1) maintaining, defending or settling any
2   proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real
3   or personal property; and (3) securing or collecting debts or enforcing mortgages and security
4   interests in property securing the debts.  Nev. Rev. Stat. § 80.015(1)(a), (g)-(h).  Because
5   Defendants are explicitly exempt from acquiring licenses in this mortgage case, the Court
6   dismisses Plaintiffs' second cause of action without leave to amend.

7       Plaintiffs fail to state a claim for violations of Unfair Lending Practices, NRS
8   § 598D.100.  First, this statute only applies to "lenders."  *See* Nev. Rev. Stat. § 598D.100(1).
9   Because Stewart Title Company, Trustee Corps, LSI Title Agency, and Stanley Silva are not
10  lenders, Plaintiffs fail to state a claim against them.  Second, Plaintiffs fail to state a claim as
11  a matter of law against Integrity 1st Financial and PNC because the three-year statute-of-
12  limitations has run on this claim.  *See* Nev. Rev. Stat. § 11.190(3)(a).  Plaintiffs and Integrity
13  1st Financial entered into the refinanced deed of trust in 2005.  Integrity 1st Financial assigned
14  the deed of trust to National City Mortgage, which later became PNC Mortgage, in 2006.
15  Plaintiffs did not file this lawsuit until February 2011, exceeding the three-year statute-of-
16  limitations.  Therefore, the Court dismisses the third cause of action without leave to amend.

17      Plaintiffs fail to state a claim for fraud in the inducement and through omission.  The
18  elements of fraud in Nevada are: (1) a false representation made by the defendant; (2)
19  defendant's knowledge or belief that the representation is false (or insufficient basis for making
20  the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from
21  acting in reliance upon the misrepresentation; (4) justifiable reliance upon the
22  misrepresentation; and (5) damage to the plaintiff resulting from such reliance.  *Bulbman, Inc.*
23  *v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).  Pursuant to Fed. R. Civ. P. 9(b), a party
24  alleging fraud "must state with particularity the circumstances constituting fraud or mistake."
25  Fed. R. Civ. P. 9(b).  As such, the pleadings "must state precisely the time, place, and nature
26  of the misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*,
27  49 F.3d 1363, 1370 (9th Cir. 1994). In this case, Plaintiffs make general allegations of fraud
28  based on the failure to disclose certain facts about the inner workings of the mortgage industry

9

and for failing to explain to them that they were not qualified to enter the loans on the stated terms.  Because Plaintiffs do not allege that Defendants made any false statements about the terms of the deal they fail to state a claim for fraud.  Additionally, Plaintiffs' fraud allegations lack the specificity required by Rule 9(b).  Therefore, the Court dismisses Plaintiffs' seventh cause of action without leave to amend.  Accordingly, Plaintiffs have failed to state any claims for relief and the Court grants the motions to dismiss in their entirety without leave to amend (#10, 12, 19, 29).  Additionally, for the foregoing reasons, the Court dismisses all claims against Integrity 1st Financial and Stewart Title even though they have not filed any motions to dismiss.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (#7) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to File a Late Opposition (#16) is GRANTED.

IT IS FURTHER ORDERED that LSI Title Agency's Motion to Dismiss Complaint and Motion to Expunge Lis Pendens (#25) is DISMISSED as moot.

IT IS FURTHER ORDERED that MTC Financial Inc. dba Trustee Corps' Motion to Dismiss (#10) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that PNC Bank, National Association's Motion to Dismiss (#12) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that Stanley Silva's Motion to Dismiss (#19) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that LSI Title Agency's Motion to Dismiss (#29) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses all claims against Integrity 1st Financial and Stewart Title Company.

The Clerk of the Court shall enter judgment accordingly.


DATED: This 7th day of October, 2011.


United States District Judge

11